IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAN MAYHEU, ANEISHA PITTMAN, SUSAN UKPERE, RON GOLDSTEIN, and RONALD ORTEGA, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CHICK-FIL-A INC.,<br><br>Defendant. | CASE NO. 2022CV365400<br><br>HON. CRAIG SCHWALL |

**ORDER GRANTING FINAL APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT AND APPLICATION FOR
<u>ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS</u>**

WHEREAS, Plaintiffs Jan Mayheu, Aneisha Pittman, Susan Ukpere, Ron Goldstein, and Ronald Ortega ("Plaintiffs"), on behalf of themselves and the Settlement Class, have applied for an order, pursuant to O.C.G.A. § 9-11-23(e) finally approving the Class Action Settlement Agreement (the "Agreement") entered into between Plaintiffs and Defendant Chick-fil-A Inc. ("Chick-fil-A" or "Defendant");

WHEREAS, the Agreement was submitted to the Court with the Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, which the Court granted, preliminarily approving the proposed class action settlement and conditionally certifying the class for settlement purposes only;

WHEREAS, this Final Approval Order incorporates the Agreement, and its exhibits, and the capitalized terms used herein shall have the same meanings as those used and defined in the Agreement, as submitted to the Court as an exhibit to the Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement;

1

WHEREAS, pursuant to the Preliminary Approval Order dated October 2, 2023, Notice was given to the Settlement Class, advising the Settlement Class Members of the Action and Settlement, the opportunity and deadlines to exclude themselves from the Settlement or submit objections to the Settlement, Class Counsel's application for attorneys' fees, costs, and Service Awards to the Class Representatives;

WHEREAS, the Fairness Hearing for Final Approval was held on February 29, 2024; and

WHEREAS, having read and fully considered the terms of the Agreement and all submissions, noting that no Settlement Class member opted-out and no objections were timely received, and good cause being shown, the Court finds the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

**FINAL APPROVAL**

1. No timely or untimely objections were submitted. Thus, no meritorious objection to the Settlement has been raised.

2. This Court has subject matter jurisdiction over this Action including, without limitation, jurisdiction to (a) approve the Agreement, including the releases contained therein; (b) grant final certification of the Settlement Class and Settlement Subclasses; (c) dismiss the Action with prejudice; and (d) interpret, effectuate, and implement the Agreement.

3. The Court finds that the Settlement Class and Settlement Subclasses satisfy the requirements of O.C.G.A. § 9-11-23(a) and (b)(3) in that: (a) the number of members of the Settlement Class and Settlement Subclasses are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class and Settlement Subclasses; (c) the claims of Plaintiffs are typical of the claims of the members of the Settlement

Class and each Plaintiffs' claims are typical of the claims of their respective Settlement Subclass; (d) Plaintiffs are adequate representatives of the Settlement Class and each an adequate representative of their respective Settlement Subclass, and they have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class and Settlement Subclasses predominate over any questions affecting any individual members of the Settlement Class and Settlement Subclasses; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Accordingly, the Action is hereby finally certified, for settlement purposes only, as a class action pursuant to O.C.G.A. § 9-11-23 consisting of a Settlement Class and Settlement Subclasses defined as follows:

> **Settlement Class** means all persons who made a Chick-fil-A delivery order through the Chick-fil-A mobile application (the "Chick-fil-A App") or website between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the states of Georgia, Florida, New York, New Jersey, and California.
>
> The **Georgia Settlement Subclass** refers to all members of the Settlement Class who made a Chick-fil-A delivery order through the Chick-fil-A App or website between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the State of Georgia.
>
> The **Florida Settlement Subclass** refers to all members of the Settlement Class who made a Chick-fil-A delivery order through the Chick-fil-A App or website between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the State of Florida.
>
> The **New York Settlement Subclass** refers to all members of the Settlement Class who made a Chick-fil-A delivery order through the Chick-fil-A App or website between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the State of New York.
>
> The **New Jersey Settlement Subclass** refers to all members of the Settlement Class who made a Chick-fil-A delivery order through the Chick-fil-A App or website between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the State of New Jersey.
>
> The **California Settlement Subclass** refers to all members of the Settlement Class who made a Chick-fil-A delivery order through the Chick-fil-A App or website

between November 1, 2019 and April 30, 2021, from a Chick-fil-A location in the State of California.

The Class Period is the period from November 1, 2019, through April 30, 2021.

5. Plaintiffs Jan Mayheu, Aneisha Pittman, Susan Ukpere, Ron Goldstein, and Ronald Ortega are hereby confirmed as Class Representatives of the Settlement Class and as Class Representatives of each of their respective Subclasses.

6. Andrew J. Shamis and Edwin E. Elliott of Shamis & Gentile, P.A., Jeffrey D. Kaliel of Kaliel Gold PLLC, and Scott Edelsberg of Edelsberg Law, P.A. are hereby confirmed as Class Counsel.

7. The Court finds that the distribution of the Class Notice and notice methodology was properly implemented in accordance with O.C.G.A. § 9-11-23(c)(2), the terms of the Agreement, and the Preliminary Approval Order. The Court finds that the Class Notice was simply written and readily understandable and that the Class Notice (a) constitutes the best notice practicable under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class and Settlement Subclasses of the Agreement and their right to exclude themselves or object to the Agreement and to appear at the Fairness Hearing; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) meets all applicable requirements of Georgia law, the Uniform Superior Court Rules, and all other applicable law and due process requirements.

8. The Court finds that the terms and provisions of the Settlement as set forth in the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class and Settlement Subclasses, and in full compliance with all applicable requirements of O.C.G.A. § 9-11-23(e), and any other applicable law or due process requirements. The Parties to the Agreement are hereby directed to

consummate the Agreement in accordance with the terms and provisions of the Agreement. Plaintiffs, all Settlement Class Members, all Settlement Subclass Members, and Defendant are hereby bound by the terms of the Settlement as set forth in the Agreement. Defendant is ordered to pay the Cash Settlement Fund consistent with the terms of the Agreement.

9.  As of the Effective Date of the Agreement, Plaintiffs and the Settlement Class, including each member of each Settlement Subclass, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant and the Released Parties from the Released Claims, which are all claims, demands, actions, and causes of action of any kind or nature whatsoever arising from, or in any way whatsoever relating to Defendant's advertising, marketing or promotion related to Chick-fil-A delivery and fees, charges and costs for or associated with delivery orders through the Chick-fil-A App or website during the Class Period. Defendant agrees to fully release and discharge Class Representatives, Settlement Class Members, and Class Counsel from all claims, demands, actions, and causes of action of any kind or nature whatsoever concerning the institution or prosecution of the Action.

10. The Court approves the Agreement and dismisses the Action with prejudice, without costs to any Party, except as provided in the Agreement, and subject to the Court's retaining continuing jurisdiction over the Parties and the Settlement Funds for the purpose of enforcement of the terms of the Agreement. The Court specifically directs Plaintiffs' counsel to dismiss with prejudice all claims asserted in the following actions: *Mayheu v. Chick-fil-A, Inc.*, No. 2022CV365400, Superior Court of Fulton County, Georgia (the "*Mayheu* Action"); *Pittman and Ukpere v. Chick-fil-A, Inc.*, No. 1:21-cv-8041, United States District Court for the Southern District of New York (appealed to the Second Circuit as Case No. 22-1862) (the "*Pittman* Action"); *Ukpere v. Chick-fil-A, Inc.*, No. 2:22-cv-5397, United States District Court for the

District of New Jersey (the "*Ukpere* Action"); *Goldstein v. Chick-fil-A, Inc.*, No. 1:22-cv-21897, United States District Court for the Southern District of Florida (the "*Goldstein* Action"); and *Ortega v. Chick-fil-A, Inc.*, No. 2:21-cv-845, United States District Court for the Eastern District of California (the "*Ortega* Action") (collectively referred to as the "Action").

## **ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

11. Notice of Class Counsel's intention to seek an attorneys' fees award of $880,000.00, representing 20% of the monetary value of the Settlement, was given to all Settlement Class Members in the Class Notice. No Settlement Class Member objected thereto, and no Settlement Class Member opted out of the Settlement.

12. Class Counsel are hereby awarded attorneys' fees in the amount of $880,000.00 and the $15,579.32 requested reimbursement of Class Counsel's litigation costs, which shall be payable solely from the Cash Settlement Fund. The Court also approves reimbursement of Administration Costs to the Class Action Settlement Administrator for disseminating Class Notice and administering the Settlement, which shall also be payable solely from the Cash Settlement Fund.

13. The Court finds such awards to be fair and reasonable.

14. In making this award of attorneys' fees, the Court has considered the factors set forth in *Johnson v. Ga. Hwy. Express,* 488 F.2d 714 (5th Cir. 1974), and *Friedrich v. Fid. Nat'l Bank,* 247 Ga. App. 704, 707 (2001), and finds that the following factors or combination of factors are most relevant: (1) quality of results achieved, including non-monetary benefits; (2) the complexity, riskiness, and desirability of the case; (3) the contingent nature of the representation and the economics involved; (4) customary attorneys' fee awards in this Circuit; (5) counsel's experience, ability, and reputation; (6) the reaction of the Settlement Class; and (7) the time and

labor required. The Court finds that considerations of these factors, individually and collectively, supports the Court's finding that its fee award is fair and reasonable.

15. The Court finds that Plaintiffs' requested Service Awards are fair and reasonable, and otherwise supported by the facts and law, and accordingly approves Service Awards of $5,000.00 each to Plaintiffs Jan Mayheu, Aneisha Pittman, Susan Ukpere, Ron Goldstein, and Ronald Ortega.

16. To the extent there are any residual funds after implementation of the Agreement, they shall be paid to either *cy pres* recipient, Feeding America or Hunger Initiative.

## **GENERAL**

17. Neither the Agreement, nor this Final Approval Order and Judgment shall constitute any evidence of or be an admission of liability by any Party.

18. In the event that the Effective Date of the Agreement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and Judgment shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement, including the certification of the Settlement Class and Settlement Subclasses for settlement purposes only, shall be null and void; any fees remaining from the Initial Administration Payment shall be returned to Chick-fil-A; and the Action shall return to its status immediately prior to execution of the Settlement.

19. This Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, the Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, administration, and interpretation of the Agreement, the Settlement, and of this Final Approval Order and for any other necessary purpose.

20. There being no just reason for delay, the Court hereby directs that this Final Approval Order and Judgment be entered by the Clerk of the Court as the Final Approval Order and Judgment of the Court.

IT IS SO ORDERED this 29 day of FEBRUARY, 2024.

_____
HON. CRAIG SCHWALL
SUPERIOR COURT OF FULTON COUNTY

*Approved as to Form and Content:*

| */s/ Andrew J. Shamis* | */s/ Jeffrey Kaliel* | */s/ Scott Edelsberg* |
|---|---|---|
| **SHAMIS & GENTILE, P.A.** | **KALIELGOLD PLLC** | **EDELSBERG LAW, P.A.** |
| Andrew J. Shamis | Jeffrey Kaliel | Scott Edelsberg |
| (GA Bar No. 49496) | Sophia Goren Gold | 20900 NE 30th Ave. |
| Edwin E. Elliott | 1100 15th St., NW, 4th Floor | Aventura, FL 33180 |
| 14 NE 1st Ave., Suite 705 | Washington, DC 20005 | Tel: 305-975-3320 |
| Miami, Florida 33132 | Telephone: (202) 280-4783 | scott@edelsberglaw.com |
| Tel: 305-479-2299 | jkaliel@kalielpllc.com | |
| ashamis@shamisgentile.com | sgold@kalielgoldpllc.com | |
| edwine@shamisgentile.com | | |

*Attorneys for Plaintiffs and the Settlement Class*

*/s/ Lindsey B. Mann*
**TROUTMAN PEPPER HAMILTON SANDERS**
Lindsey B. Mann (GA Bar No. 431819)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
(404) 885-3000
lindsey.mann@troutman.com

*Counsel for Chick-fil-A, Inc.*